IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ASJA BAYARD,

        Plaintiff,

v.                                            CIVIL ACTION NO.: 1:22CV17
                                                     (KLEEH)

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

# REPORT AND RECOMMENDATION

## I. Introduction

This action arises out of the denial of Plaintiff's applications for Social Security Disability Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act, and specifically Plaintiff's claims that the ALJ's January 25, 2021, decision is not supported by substantial evidence.[1] Defendant maintains that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons that follow, the undersigned would agree with Defendant.

## II. Factual/Procedural History

Plaintiff alleges disability beginning December 1, 2016, due to sickle cell disease, type SC, and neuropathy. R. 437; 441. ECF No. 21. Plaintiff's initial applications proceeded through the administrative process. R. 96-144; 145-206. On May 31, 2019, the ALJ issued an unfavorable decision. R. 207-22. The Appeals Council vacated the ALJ's May 2019 decision and remanded the case to the ALJ for the following: (1) to "[o]btain additional evidence concerning the claimant's

---

[1] Plaintiff filed this action *pro se*. The undersigned has therefore construed Plaintiff's filings liberally. *See Cox v. Social Security Administration*, 2012 WL 7870172, at * 1 (D. Md. Mar. 22, 2012) (finding that plaintiff's pro se complaint was entitled to liberal construction) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

impairments; (2) to [g]ive further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations; and (3) to "[o]btain evidence from a vocational expert to clarify the effect of the assessed limitations on claimant's occupational base." R. 27; 231-33.

The ALJ held a second hearing on November 5, 2020 and issued a second unfavorable decision on January 25, 2021. R. 27-51. The Appeals Council denied Plaintiff's request for review, making the ALJ's January 25, 2021, decision the final decision of the Social Security Commissioner. R. 1-5. Plaintiff filed the instant action on March 2, 2022, seeking judicial review of the Commissioner's January 25, 2021, decision. ECF No. 1.

### III.   ALJ Decision

#### A.  The Five-Step Evaluation Process

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.…'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B). The Social Security Administration uses the following five-step sequential evaluation process to determine if a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairments(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

[Before the fourth step, the residual functioning capacity of the claimant is evaluated based "on all the relevant medical and other evidence in your case record . . ." 20 C.F.R. §§ 404.1520; 416.920.]

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520; 416.920.  If the claimant is determined to be disabled or not disabled at one of the five steps, the process does not proceed to the next step. *Id.*

**B.  ALJ Findings**

After considering the record, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 21, 2023.  R. 30.  At step one of the five-step evaluation process, the ALJ found that Plaintiff had engaged in substantial gainful activity during the following periods: June 2019 to June 2020.  R. 30.  Notwithstanding, the ALJ found that there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  The ALJ's remaining findings pertain to the period that Plaintiff did not engage in substantial gainful activity.  R. 31.

At step two, the ALJ found that Plaintiff has the following severe impairments: sickle cell anemia and neuropathy.  R. 31.  At step three, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meet or medically equal the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  R. 33.

3

At step four of the evaluation process, the ALJ determined that Plaintiff has the following RFC:

> to occasionally lift and/or carry up to twenty pounds and frequently lift and/or carry up to ten pounds and to stand and/or walk for four hours and sit for four hours of an eight-hour day with normal breaks. [Plaintiff] is limited to occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling but never climbing ladders, ropes, or scaffolds. She needs to avoid concentrated exposure to extreme cold and extreme heat and needs to avoid exposure to workplace hazards, such as moving mechanical parts.

In making this RFC finding, the ALJ followed the two-step process in determining whether an underlying medically determinable physical or mental impairment could reasonably be expected to produce the claimed pain or other symptoms, and whether statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are substantiated by the evidence in the record. R. 34. The ALJ ultimately found that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record. R. 35.

The ALJ determined that Plaintiff is unable to perform any past relevant work, but that, considering her age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. R. 41. The ALJ therefore concluded that Plaintiff is not disabled within the meaning of the Social Security Act. R. 42.

## IV.     Motions for Summary Judgment[2]

### A.     Arguments of the Parties

#### 1.     Plaintiff's Arguments

Construing Plaintiff's brief liberally, it appears that Plaintiff takes issue with the ALJ's RFC determination. Plaintiff's filing can also be construed to include an argument that the ALJ erred when she determined that the evidence of record does not support Plaintiff's complaints related to intensity, persistence, and limiting effects of her symptoms. To support this construction of Plaintiff's arguments, the undersigned notes the following, which is a representative sample of the arguments from Plaintiff's brief: (1) "I have not worked in the last two and a half to three years because I have a disease causing my body to malfunction and with potentially over working myself knowing I can't, could result in serious injury or death;" (2) "Th[e] case has been denied on the account I assume disability thinks I am still capable to work, again with enough medical proof I should not, on the account I think I would be a liability;" (3) "Based on my medical records that you have received, and reviewed, your argument is that I can, work but, based on my body, my pain, the numbness at any moment, I can not work;" and (4) "I have not worked in the last two almost three years due to my health. I can barely walk, bend, sit, stand, run, even doing simple tasks such as laundry, dishes, bathing is even difficult." ECF No. 21.

#### 2.     Defendant's Arguments

Defendant argues that the ALJ's RFC finding is supported by substantial evidence and permits meaningful review. Defendant further argues that the ALJ built an accurate and logical bridge between the evidence of record and the RFC finding. Finally, Defendant argues that the

---

[2] Although Plaintiff's filing is not entitled "Motion for Summary Judgment," the undersigned has treated Plaintiff's filing (ECF No. 21) as a Motion for Summary Judgment for purposes of this Report and Recommendation.

Plaintiff has failed to cite to any evidence that demonstrates she is entitled to greater RFC restrictions that those afforded in the ALJ's decision. ECF No. 29.

### B. The Standards

#### 1. Summary Judgment

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

#### 2. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (internal citations and quotations omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

### C. Discussion

After considering the briefs of the parties, the applicable law, and the Court file, and after considering the ALJ's decision in light of the evidence of record, the undersigned would conclude that substantial evidence supports the ALJ's RFC finding. The undersigned would further

conclude that the ALJ did not err when she concluded that the evidence of record does not support Plaintiff's complaints related to intensity, persistence, and the limiting effects of her symptoms.

### 1. RFC Determination

An RFC "represents the *most* a claimant can do despite his limitations or restrictions." *See Jones v. Colvin*, 2014 WL 4060563, at * 4 (M.D.N.C. Aug. 14, 2014) (emphasis in original). *See also* 20 C.F.R. §§ 404.1545(a) and 416.945(a). "[T]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374184, at * 1. The RFC "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts such as laboratory findings and non-medical evidence like daily activities and observations. However, there is no particular language or format the narrative discussion must follow as long as it permits meaningful judicial review." *Price v. Kijakazi,* 2002 WL 620830, at * 6 (D.S.C. Mar. 3, 2022) (internal citations omitted).

Here, a review of the ALJ's decision reveals that the RFC finding satisfies these requirements. After formulating the RFC finding, which provided for a range of light work with additional limitations as described above, the ALJ accurately summarized the evidence of record for the next approximately eight (8) pages of the decision. R. 34-41. Interwoven throughout this summary is the ALJ's concise and succinct reasoning for her decision. R. 36-38.[3]

For example, but not by way of limitation, the ALJ noted that "[t]he objective medical records reveal generally a normal gait, normal strength, normal fine motor skills, and good ranges of motion." R. 37. The ALJ reasoned that "[t]hese findings do not support [Plaintiff's] need to

---

[3] A portion of this summary is dedicated to Plaintiff's mental health condition(s) and treatment. Because Plaintiff did not raise the issue of mental health condition(s) or treatment in her Motion (brief), the undersigned has not addressed them within this Report and Recommendation.

use a cane to walk and her allegation of dropping things due to numbness in the hands." *Id.* Support for the ALJ's reasoning and conclusions can be found in the administrative record. *See e.g.* 36, 1232, 1208-14, 985-1002, 1264-72, and 1289. The ALJ also noted that "[Plaintiff] did not require the use of a cane at the initial disability hearing [on] March 27, 2019." R. 37. Thus, the ALJ's conclusions are further supported by her own observations. Finally, the ALJ relied upon Plaintiff's testimony to support her conclusions. R. 37. *See e.g.* R. 64-65 (Plaintiff's testimony that her last date of work was October 5, 2020 (almost four years after the alleged date of onset of disability), when she was employed as a security guard working an eight-hour shift between 11:00pm and 7:00am); R. 65 (Plaintiff's testimony that her job requirements ranged from 50% walking and standing, and 50% sitting, to 75% walking and standing with only 25% sitting); R. 78 (Plaintiff's testimony that she has a cane that she "occasionally" brings out of the closet). Given the foregoing, the undersigned would conclude that the ALJ "buil[t] an accurate and logical bridge from the evidence to [her] conclusion," (*Monroe v. Colvin*, 826 F.3d 176 (4th Cir. 2016)), and that the RFC determination is supported by substantial evidence.

### 2. Intensity, Persistence, and Limiting Effects

With respect to the ALJ's determination as to the intensity, persistence, and limiting effects of Plaintiff's impairments, the undersigned would similarly conclude that substantial evidence supports these findings. In making same, the ALJ cited both the objective medical evidence and other evidence in the record in accordance with SSR 16-3p, noting, among other things, Plaintiff's inconsistent statements regarding her activities of daily living. R. 38. Specifically, the ALJ noted Plaintiff's admission that she is able to perform the tasks associated with living independently, including providing for personal care and assisting in maintaining the household. R. 38. The ALJ further noted that Plaintiff is able to: prepare meals, perform light cleaning chores, drive a vehicle,

shop in stores, and she does not consistently use a cane. *Id.* The ALJ further noted that Plaintiff meets with friends three times a week. *Id.* Plaintiff's testimony supports these findings and conclusions. R. 63-79.

In addition to the above, the ALJ cited Plaintiff's work history, which includes several positions that required physical capabilities, and which were undertaken by Plaintiff several years after the date the disability is alleged to have arisen. R. 38-39. Each of these findings is borne out by the record, and would suggest, as the ALJ has concluded, that these sorts of admissions are inconsistent with the kind of debilitating effects Plaintiff claims to experience as a result of her sickle cell anemia and/or neuropathy. R. 63-70. The undersigned therefore cannot find error with the ALJ's decision in this respect.

### V.     Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's Motion for Summary Judgment be **DENIED** and Defendant's Motion [28] for Summary Judgment be **GRANTED**.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

**A copy of such objections should be submitted to the District Judge of Record. <u>Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report</u>**

**and Recommendation**. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 10th day of January 2023.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE